# IN THE COURT OF APPEALS OF IOWA

No. 16-1820
Filed December 21, 2016

**IN THE INTEREST OF B.R., T.R., AND L.R.,**
**Minor children,**

**S.H., Mother,**
 Appellant.

_____

Appeal from the Iowa District Court for Jasper County, Steven J. Holwerda, District Associate Judge.

A mother appeals the termination of her parental rights to her children, arguing termination is not in their best interests. **AFFIRMED.**

Larry J. Pettigrew of Pettigrew Law Firm, P.C., Newton, for appellant mother.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant Attorney General, for appellee State.

Jane K. Odland of Odland Law Firm, PLLC, Newton, guardian ad litem for minor children.

Considered by Danilson, C.J., and Doyle and McDonald, JJ.

**DOYLE, Judge.**

A mother appeals the termination of her parental rights to her three children. She does not challenge the evidence supporting the grounds for termination under Iowa Code section 232.116(1)(e), (f), (h), and (*l*) (2015). Instead, she argues terminating her parental rights is not in the children's best interests. We review her claim de novo. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).

The facts, which were thoroughly set forth in the termination order, are not in dispute. The mother first became involved with the juvenile court in 2013 when B.R. tested positive for exposure to methamphetamine, was removed from her home, and was adjudicated a child in need of assistance (CINA). B.R.'s CINA adjudication ended in May 2015. Less than two months later, in July 2015, all three of the mother's children were removed from her care due to her drug use and were adjudicated to be CINA. In the fourteen months that followed, the mother was offered services to reunify her with the children but never progressed even to the point of unsupervised visits. She does not dispute the children could not be returned to her care at the time of the termination hearing.

The mother's only argument on appeal is that termination is not in the children's best interests. She cites the bond she has with the children and argues terminating her parental rights would be "far more detrimental" to the children than "any danger perceived by not terminating." We cannot agree. The record shows the mother has put her own desires ahead of her children's needs. In the year leading up to termination, she began a relationship with a man she met in a substance abuse treatment program, and when he left the program, she

also left without completing her treatment. She resumed using drugs with him and failed to contact her children for a four-month period. They both incurred felony drug charges in May 2016, and despite the fact that he failed a background check and was prohibited from having contact with the children, the mother eloped with him the following month. The mother's past conduct may indicate what we can expect from her in the future. *See In re L.L.*, 459 N.W.2d 489, 495 (Iowa 1990); *In re D.R.J.*, 454 N.W.2d 838, 845 (Iowa 1990).

Although preserving the parent-child bond may suit the mother's best interests, delaying permanency any longer is not in the best interests of these children. Children require permanency. *See In re J.E.*, 723 N.W.2d 793, 802 (Iowa 2006) (Cady, J., concurring specially) (noting the "defining elements in a child's best interest" are the child's safety and "need for a permanent home"). They are not equipped with pause buttons. *See In re A.C.*, 415 N.W.2d 609, 613 (Iowa 1987) ("The crucial days of childhood cannot be suspended while parents experiment with ways to face up to their own problems."). Once the grounds for termination have been proved, time is of the essence. *See id.* at 614 ("It is unnecessary to take from the children's future any more than is demanded by statute. Stated otherwise, plans which extend the twelve-month period during which parents attempt to become adequate in parenting skills should be viewed with a sense of urgency."); *see also In re R.J.*, 436 N.W.2d 630, 636 (Iowa 1989) (noting that once the time period for reunification set by the legislature has expired, "patience

on behalf of the parent can quickly translate into intolerable hardship for the children"). Because the children's best interests require terminating the mother's parental rights, we affirm.

**AFFIRMED.**